UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

VIRGINIA A. HERRMANN,             Case No. 12-31551-dof
    Debtor.                                   Chapter 7 Proceeding
                                                      Hon. Daniel S. Opperman
_____/

## OPINION OVERRULING OBJECTION OF
## EARL HERRMANN TO TRUSTEE'S FINAL REPORT

On July 16, 2013, the Chapter 7 Trustee, Collene Corcoran ("Trustee"), filed a Final Report and Account ("Final Report") with this Court. On July 18, 2013, the Debtor's spouse, Earl Herrmann, filed an Objection ("Objection") to that Final Report. The Court conducted a hearing regarding the Objection to the Final Report on August 14, 2013, at which time counsel for Mr. Herrmann raised additional issues regarding the actions of the Trustee in connection with the sale of property owned by Ginnie's Cards and Gifts, Inc. ("Ginnie's Cards"), a Michigan corporation of which the Debtor was the sole shareholder. After consideration of the briefs filed in this action and arguments of counsel, the Court requested additional briefs regarding the position of the Trustee that Michigan law did not require her to pay other creditors of Ginnie's Cards, and that the payment to the Debtor's estate for an obligation owed to the Debtor by Ginnie's Cards was proper under Michigan law. For the reasons stated in this Opinion, the Court overrules the Objection of Mr. Herrmann to the Final Report of the Trustee.

## Facts

The Debtor was a sole shareholder of Ginnie's Cards, a corporation that sold Hallmark brand cards and merchandise. The store was successful for many years and the Debtor kept meticulous records regarding the operation of Ginnie's Cards. In particular, the Debtor was very careful to file

1

annual reports and record similar documents, such as minutes of annual meetings and resolutions of important events in the history of Ginnie's Cards. As part of this process, the Debtor lent money to Ginnie's Cards from time to time, as did her spouse, Earl Herrmann.

Although the Trustee disputes that Ginnie's Cards owed Mr. Herrmann any money, the Court assumes for the purposes of this Opinion that Ginnie's Cards owed Mr. Herrmann money as a result of loans made by him to Ginnie's Cards or by virtue of a guarantee signed by him for corporate debts owed by Ginnie's Cards to entities such as Hallmark.

Ginnie's Cards ultimately was not successful and the Debtor discontinued operations of Ginnie's Cards. Shortly thereafter, the Debtor filed a petition seeking relief under Chapter 7 on April 10, 2012. The Debtor's Schedules stated that the Debtor was currently liquidating the inventory of Ginnie's Cards.

As part of her duties, the Trustee reviewed the books and records of Ginnie's Cards and determined that Ginnie's Cards owed the Debtor money for past due wages and benefits. To that end, the Trustee sold property of Ginnie's Cards, including a 2005 Cadillac. After selling this Cadillac nominally in the name of the Debtor as the officer and sole shareholder of Ginnie's Cards, the Trustee deposited $3,685.00 on August 29, 2012, as evidenced by Exhibit B of the Final Report of the Trustee filed at Docket No. 87 with this Court. It is this sale, and the deposit of the sale proceeds into the Trustee's account, that serves as the remaining basis for the Objection of Mr. Herrmann to the actions taken by the Trustee in this case.

Originally, Mr. Herrmann objected that his claims were not properly accounted for by the Trustee in her Final Report. After hearing arguments, the Court concluded that the Sale/Settlement

2

Agreement that was approved by this Court contained language that waived the rights of Mr. Herrmann. As the arguments developed, however, the Court did hear an argument of Mr. Herrmann that the Trustee did not properly follow Michigan law when she liquidated the property of Ginnie's Cards. In response, the Trustee stated that she did sell property of Ginnie's Cards and took the proceeds from that sale as partial payments of the amounts owed by Ginnie's Cards to the Debtor. Other creditors were not paid, as the Trustee elected to pay the debt owed to the Debtor first.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

All issues before the Court arise out of Title 11 of the United States Code and do not involve issues which limit this Court's jurisdiction as raised in the cases of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

<u>Applicable Statutes</u>

Mich. Comp. Laws § 566.35, entitled Fraudulent transfer or obligation; claim of creditor arising prior to transfer or obligation, states, in part:

> Sec. 5. (2) A transfer made by a debtor is **fraudulent** as to a creditor whose claim arose before the transfer was made if **the transfer was made to an insider for an antecedent debt**, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent. (Bolding supplied for emphasis)

3

Mich. Comp. Laws § 566.39 provides that:

A cause of action with respect to a fraudulent transfer or obligation under this act is extinguished unless action is brought under 1 or more of the following:
(b) Section 5(2), within **1 year** after the transfer was made or the obligation was incurred.

Analysis

The issues raised by Mr. Herrmann in this case require the Court to visit the situation of a Chapter 7 trustee liquidating assets of an entity owned or controlled by a debtor, but which is not itself in bankruptcy. In many of these cases, such as is the situation here, the Debtor is the sole shareholder or unit holder of a corporation or limited liability company and therefore has complete effective control of the corporation or limited liability company. To that end, any benefit from that corporation or limited liability company often transfers to the debtor, and by extension, to the debtor's creditors.

In many instances, however, the intermediate entity may have creditors in its own right. In those situations, the Chapter 7 trustee has a more difficult task at hand in that the Chapter 7 trustee seeks to liquidate property of a non-bankruptcy debtor for the benefit of creditors of a bankruptcy debtor. In order to so, however, the Chapter 7 trustee must follow the applicable state law. The degree in which a trustee must follow Michigan law, however, appears open to debate. By way of example, similar issues were presented in the case of *In re Przybysz*, No. 10-07110 (Bankr. W.D. Mich. Aug. 8, 2013). In *Przybysz*, the Chapter 7 trustee sought to take action of what he perceived to be a Ponzi scheme by filing 30 adversary proceedings against individuals and entities who received fraudulent transfers from either the debtor, Mr. Przybysz, or various limited liability companies controlled by him. In response to the Chapter 7 trustee's actions, various parties raised

a defense that the Chapter 7 trustee did not follow the corporate formalities, such as calling a members meeting, preparing resolutions, and taking other steps for the extraordinary corporate action when the Trustee commenced proceedings on behalf of the limited liability companies. As stated by the Bankruptcy Court:

> The Challengers[1] are most certainly, and technically correct, that the Przybysz Trustee paid no attention to state corporate law, as there is no suggestion of compliance in the record. These formalities, however, generally serve to protect the interests of other members of the LLC, not third parties such as the Challengers whose standing to assert non-compliance is doubtful. There are no members other than the Przybysz Trustee. Moreover, as the Przybysz Trustee notes, he could easily take the steps to ratify the action, by summoning himself to a meeting and persuading himself that filing the petitions was inappropriate. In a single-member limited liability company under court supervision, however, requiring such self-directed activity strikes the court as pointless, especially at the insistence of parties whom the statute is not designed to protect. Indeed, had the Przybysz Trustee, as sole shareholder, called a meeting or otherwise observed corporate formalities, the outcome would not have been a mystery. Under the circumstances, the formalities would have been an empty gesture, and in Michigan, "the law does not require the doing of a useless thing." *Friedman v. Winshall*, 73 N.W.2d 248, 252 (Mich. 1955) (excusing failure to make tender); *see also* Fed. R. Civ. P. 61 (court must "disregard all errors and defects that do not affect any party's substantial rights") (applied to bankruptcy cases by Fed. R. Bankr. P. 90005). The Przybysz Trustee's failure to observe corporate formalities does not require the court to dismiss the LLCs' cases.

*Przybysz*, No. 10-07110, slip op. at *3-4.

In this case, however, there is an impact upon others. As argued by Mr. Herrmann, he was and is a creditor of Ginnie's Cards and the actions taken by the Trustee to liquidate the assets of Ginnie's Cards and not pay creditors according to a certain priority was to his disadvantage. This is particularly true where the Trustee acted to pay the debt of an insider, which would normally be a fraudulent conveyance as defined by Michigan law. Therefore, Mr. Herrmann urges this Court

---

[1] Challengers was the phrase attributed by the Bankruptcy Court to various defendants.

to not approve the Final Report as a form of de facto finding that the Trustee acted improperly.

Theoretically, Mr. Herrmann's arguments have merit. Although the amount in issue is not as substantial as either the Trustee or Mr. Herrmann would like, on the face it appears that the Trustee improperly paid the sole shareholder and officer of Ginnie's Cards without paying either taxes or other creditors on a pro rata basis, all possibly in contradiction of Michigan law. What appears to save the Trustee in this case, however, is the one year statute of limitations of MCL § 566.39, which requires an action to be filed within one year after the transfer was made or the obligation incurred. Here, the Final Report indicates that the Cadillac was sold on August 29, 2012, and the money was deposited into the account of the Trustee on August 29, 2012. While Mr. Herrmann is correct that the date of the transfer is not the date of the sale of the Cadillac, he ignores that the actual transfer occurred when the Trustee received the sale proceeds from the Cadillac and then placed them into her account for the payment of the debt owed by Ginnie's Cards to the Debtor.

Mr. Herrmann argues with some force that he was not aware of the transfer of the money into the account until the Final Report was filed. While a possibility, the Court discounts that possibility given the history of this case, which involves a number of in-depth negotiations between and among the Debtor, the Trustee, Mr. Herrmann, and in certain cases, Hallmark. Moreover, the Court notes that an adversary proceeding was filed by the Trustee to determine the interest of the estate and Mr. Herrmann in certain assets. Taken as a whole, the Court concludes that Mr. Herrmann knew of the transfer of the sale proceeds from the Cadillac into the Trustee's account shortly after it occurred.

While the Court makes this conclusion in favor of the Trustee, the Court notes that the Trustee has made this matter into a much more difficult case than need be. By way of example, if

the Trustee had taken the necessary steps to notify all creditors that she was acting as the officer or sole shareholder of Ginnie's Cards and given notice of that action to all known creditors, then the Trustee could have avoided many of the arguments made in regard to her Final Report and been within the clear direction of Michigan law. While it is perhaps not as important in this case, which involves a creditor who is the spouse of the officer and sole shareholder of Ginnie's Cards, more danger exists if a third party creditor appeared and raised the same issues as Mr. Herrmann. In those cases, such a creditor may have a stronger argument that the creditor was either not aware of the transfer or that the direct language of MCL § 566.39 is not applicable. Without the protection of following Michigan law in regard to these issues, the Trustee could very well find herself in an uncomfortable position of having to disgorge monies received after the fact.

With this record, however, the Court concludes that the Objection of Mr. Herrmann to the Final Report of the Trustee is overruled.

The Chapter 7 Trustee is directed to submit an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on June 06, 2014**

            **/s/ Daniel S. Opperman**
            **Daniel S. Opperman**
            **United States Bankruptcy Judge**